# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina ▼

___ Charlotte ___ Division

FILED
CHARLOTTE, NC

SEP 08 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| Elisha Lynnett Cotto | Case No. 3:25-CV-677 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | |
| Coca-Consolidated Inc. (See Attached) | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

    **A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Elisha Lynnette Cotto |
| Street Address | 2217 Contemporary Place #5201 |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | Charlotte, 28217 |
| Telephone Number | 704-241-2301 or 803-524-0531 |
| E-mail Address | elcotto4182@yahoo.com |

    **B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Stepahine Little |
| Job or Title *(if known)* | CCH Director of EQS (Equipment Services) |
| Street Address | 5020 W Wt Harris Blvd |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28269 |
| Telephone Number | 704-201-5792 |
| E-mail Address *(if known)* | Stephanie.Little@cokeconsolidated.com |

Defendant No. 2

| | |
|---|---|
| Name | Labrun Chunn |
| Job or Title *(if known)* | CCH Manager of EQS (Equipment Services) |
| Street Address | 5020 W Wt Harris Blvd |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28269 |
| Telephone Number | 336-558-3728 |
| E-mail Address *(if known)* | Labron.M.Chunn@cokeconsolidated.com |

Defendant No. 3

| | |
|---|---|
| Name | Matthew Guestella |
| Job or Title *(if known)* | CCH Supervisor EQS (Equipment Services) |
| Street Address | 5020 W Wt Harris Blvd |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28269 |
| Telephone Number | 704-965-2510 |
| E-mail Address *(if known)* | Matthew.Guastella@cokeconsolidated.com |

Defendant No. 4

| | |
|---|---|
| Name | Angenella Flemings |
| Job or Title *(if known)* | HRBP - Human resource Business Partners |
| Street Address | 5020 W Wt Harris Blvd |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28269 |
| Telephone Number | 301-356-8831 |
| E-mail Address *(if known)* | Angenella.Fleming@cokeconsolidated.com |

United States District Court

For the

Western District of North Carolina Charlotte/Division

Elisha L. Cotto -Plaintiff vs Coca-Cola Consolidated Inc/Defendants

Case (TBA)

Attachment to Section B -The Defendant(s)

Continuation of page 1 and 2 /5

Elisha L. Cotto

Elisha L. Cotto v. Coca-Cola Consolidated Inc./Defendants

Case: (TBD)

Date:

Page 1 of 4

**Additional Defendants:**

**Defendant No.5**

**Name-**Brie McConnaughey

**Job or Title** -HRBP- Human Resource Business Partners

**Street Address** -5020 West Wt Harris Blvd

**City and County** -Charlotte Mecklenburg

**State and Zip Code-**North Carolina 28269

**Telephone Number:** 980-378-5542

**E-mail Address** - Brie.Mcconneghey@cokeconsolidated.com

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
American with disability Act of 1990 as ameneded
Title VII of the Civil Rights Act of 1194 as amended

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.     If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

I have a disability
May 2022: During a hiring panel interview, Stephanie Little made a statement referring to the Plaintiff as 'Do not hire her she is difficult to work with.' This remark was communicated to others involved in hiring decisions. During employee under the defendant Stephanie Little and Labron Chunn leadership the plaintiff was not selected for several positions despite qualifications and believes this statement contributed to later denied promotional opportunities.
February 18, 2025: SEE ADDITONAL PAGES

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Retention or Transfer
That plaintiff is permitted to retain current employment status or in the alternative, be transferred to a different department or position where plaintiff is not subject to retaliation, bias, or a hostile work environment.
2. Severance Package (If Retention or Transfer not Feasible)
If continued employment or transfer is not feasible, Plaintiff requests a reasonable severance package to be determined by the court or through settlement negotiations, in addition to any other damages awarded.

3.Compensatory Damages- Estimated $100,000
For emotional distress, mental anguish, anxiety, and harm caused by retaliation, deformation, hostile work environment, and disability -related discrimination. This includes impacts on mental and emotional health and the relapse of a documented disability.
4.Lost Opportunities- Estimated $30,000-50,000
For missed promotions and advancement opportunities due to defamatory statements and retaliatory actions by management and HR, including being passed over in favor of less qualified candidates.
SEE ADDITONAL PAGES

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9-08-2025

Signature of Plaintiff: *Elisha L. Cotto*
Printed Name of Plaintiff: ELISHA LYNNETTE COTTO

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

United States District Court

For the

Western District of North Carolina Charlotte/Division

Elisha L. Cotto -Plaintiff vs Coca-Cola Consolidated Inc/Defendants

Case (TBA)

Attachment to Section IV Statement of Claim

Continuation of page 4

Attachement to Statement of Claims -Section III -Page 4,

Elisha L. Cotto

Elisha L. Cotto v. Coca-Cola Consolidated Inc./Defendants

Case: (TBD)

Attachement to Statement of Claims

Exhibit A-Timeline of Events

Page 4 of 5

**1.** The Plaintiff is an individual with a documented disability as defined under the American with disability Act and was entitled to reasonable accommodation and protection from discrimination and retaliation.

**2. May 2022:**
During a hiring panel interview, Stephanie Little made a statement referring to the Plaintiff as 'Do not hire her she is difficult to work with.' This remark was communicated to others involved in hiring decisions. During employment under the defendant's Stephanie Little's and Labron Chunn's leadership the plaintiff was not selected for several positions despite qualifications and believes this statement contributed to later denied promotional opportunities.

- The Plaintiff asserts that the statement that Stephaine has made has circulate throughout the workplace, affecting Plaintiff professional reputation. On separate occasions, the Plaintiff was referred to as "Trouble" by other individual including Vincent Alexander (HR Business Partner) and Chris Pope, Senior Vice President of the Center of Support. The Plaintiff believes this internal repetition of defamatory language has created a biased perception that has interfered with professional relationships and career growth.

**3. February 18, 2025:**

The Plaintiff's residence was damaged in a house fire. Time-off requests were submitted but denied. The Plaintiff took the time off needed despite not being approved.

1

**4. March 19, 2025:**

The plaintiff received notification of a scheduled meeting with Labron Chunn and Matthew Guastella and was issued a first-step corrective action for attendance related to the time taken for the house fire. The meeting took place, and the plaintiff had to remove herself from the meeting due to the shift in tone from leadership. Management mischaracterized this action as misconduct and included it in the corrective action.

**5. March 20, 2025:** Due to the shift in the meeting on 3/19/2025. The plaintiff sent an email to HR representative Angenella Flemming reporting fear of retaliation, selective accountability, hostile work environment and deformation of character, as well as concerns with professional development.

**6. April 3, 2025 (Part 1):** After not receiving a response about the Plaintiff's March 20 concerns to Angenella Flemming, the plaintiff followed up with Diane Borella CC Angenella Flemming regarding lack of prompt action on the Plaintiff's concerns. Due to Diane Borella out of office message indicating that she was out of office until 4/14/2025, and Angenella Flemmings still no response or out of office message reply, Dave Greenberg responded.

**7. April 3, 2025 (Part 2):** Dave Greenberg VP HRBP responded, with a misleading explanation claiming Angenella was out sick. and he would wait for her to come back to address Plaintiff's concerns. There has been no further correspondence between Dave Greenberg and the Plaintiff.

- While Dave Greenberg, Diana Borella and Kelly Scarpola' are not listed as defendants in this action, their involvement demonstrates how the plaintiff's concerns were systemically delayed or ignored.

**8. April 3, 2025 (Part 3):** The plaintiff initiated an impromptu followed up with Kristine Orr verbally in her office, the Plaintiff advised Angenella Flemming was not responding to emails and explained briefly the Plaintiff's concerns about selective corrective actions being taken against the plaintiff for taking leave following an emergency crisis vs peer's time theft. Kristine Orr advised she would reach out to HR and address the delay.

- Although Kristine's intent appeared to be aligned with the company policy, her involvement preceded adverse action against Plaintiff.

**9. April 3rd (Part 4):** Shortly after this interaction- the same day- the Plaintiff was advised via IM to "disconnect from the Call" (cadence meeting) and attend an impromptu meeting with Brie McConaughey and Matthew Guastella in Stephanie office. Matthew Guastella IM (Instant Message) statement was "meeting had to happen before you leave." The Plaintiff was verbally told she would receive a second-step corrective action for the same behavior previously documented on March 19. 2025.

The Plaintiff asked to see the corrective action- Defendant Matthew Guastella replied" everything happened so fast I do not have a write up ready." The Plaintiff asked if there was anything else that needed to be discussed before exiting meeting, both defendants replied "NO"

**10. April 4,2025** -Step 2 was issued via email.

**11. April 7th-14th**-The Plaintiff was on a scheduled vacation during this time.

**12. April 14th (Part 2):** The Plaintiff responded back to a meeting invited by Brie McConnaughey to discuss concerns for Angenella Flemming to review upon her return. Due to construction onsite, employees were advised to work offsite. The plaintiff requested a virtual meeting for the 4/17/2025 meeting with HR Business Partner Brie McConnaughey due to construction, The request was ignored. Instead, a virtual meeting link was sent at the time of the onsite meeting which would have taken place on 4/17. With no acknowledgment or confirmation of the request. The plaintiff never received the invitation in time; due to the curt communication and dismissiveness of the request the Plaintiff did not make the meeting.

**13. April 22,2025**, The Plaintiff requested a new HRBP to Diana Borella who forward concerns to Kelly Scarpola to address concerns biased behavior, integrity concern and delayed handling of Plaintiff's discriminatory concerns with Brie McConnaughey on 4/17/2025 and mentioned Angenella Flemmings delayed of action in response to plaintiff's concerns on March 19th, 2025 and expressed how the behavior deemed necessary a request for a new HRBP to investigate concerns.

- The plaintiff also expressed concerns about the bias support and the conflict of interest between Stephaine Little and Angenella Flemming.
- After a series of persuasion dialogue a new HRBP was assigned.

3

**14 April 25 – May 23, 2025**: An investigation into the Plaintiff's concerns was conducted, by new HRBP Vincent Alexander, where he would investigate the following claims:

- defamation of character, (Statement made by Stephaine Little)
- denial of promotional advancement, (due to the deformation statement made by "Stephaine Little" and reference feedback to hiring managers from Labron Chunn)
- Less tenured peers being promoted before the plaintiff,
- Retaliation with corrective action for taking unexcused leave to manage an emergency crisis.
- selective accountability on corrective disciplinary actions- The plaintiff peers within the same department engaged in time theft and received no formal corrective action but Plaintiff was subjected to formal discipline for attendance during a family crisis.
- Lack of prompt action/acknowledgement delays from HRBP's

-Although an internal investigation into the Plaintiff's complaints was conducted, it was led by an employee who is a peer to the individuals the plaintiff identified noncompliance. Which Plaintiff questions the impartiality and thoroughness of the investigation process.

In addition, peers with less tenure and experiences were promoted during this time, including:
- Jerrney Roseman- EQS Specialist / EQS Lead
- Josh Worthington – Dispatcher RC Operations-
- Kelly Pham – CCH Operational Lead -Center of support
- Anastasia Austin – Distribution System Administration
- Mereka Mckoy- EQS Lead
- Craig Thompson- Just recently promoted –
- Jeremy Mayhew- Engagement and Experience Coordinator
- Nichoel Gary- less than 1 year and promoted.
- Constant Mangongo- EQS Planner Specialist

**15. May 23rd- June 4th, 2025** – No communication during this time.

**16. June 4th, 2025.** The plaintiff was informed Angenella Flemming would be included in the feedback meeting. The plaintiff objected, citing her inclusion as a subject of complaint.

Angenella Flemming was present, but did not provide feedback on the matter, instead she offered an apology for the Plaintiff being uncomfortable with her.

4

Vincent Alexander shared his findings: 1. No violations of policy were found and there would be no rescinding of second corrective action. 2. Stephaine Little admitted to making the defamatory statement and would be managed at a higher level. 3.All Individuals involved are being reprimanded at a higher HR level and would be managed confidentially. 4. Only one person was found to be promoted before the Plaintiff within an 8-1-year period. However, no resolution or rescind of second step corrective action was considered.

17. **June 11th, 2025** – The Plaintiff submitted a formal request for relief and correction after the unsatisfactory outcome of the investigation.

> Angenella Flemming responded 7/11/202 "Thank you for reconnecting with Vincent and me. We are scheduling the time for early next week (due to calendar availability) to have your feedback shared as an escalated review.

18. **June 12th** – The Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission (EEOC).

19. **June 16, 2025** - Angenella Flemming informed the Plaintiff that the case was considered closed due to EEOC involvement and directed legal counsel to contact the company's legal team.

"Eli: I have been informed that you have filed an EEOC charge regarding the matters noted in your email. As a result, our legal team is now involved. The closure of your HR case and the Company's corresponding investigation, communicated to you on Monday, June 9, 2025, is final. If you have acquired legal counsel, please inform them to directly engage with our Legal Department."

20. **June 29, 2025,** The Plaintiff submitted a formal pre-litigation demand letter in good faith via email.

21. **July 1,2025-** Demand letter was sent via certified mail to Naomi Oglesby. Demand letter response from Naomi Oglesby advised company "respectfully denies the Plaintiff demands."

22. **July 3rd, 2025-** The Plaintiff followed up requesting clarification on the denial. Naomi Oglesby responded in writing: 'I will not be providing an explanation for declining your demands. You are free to pursue any next steps you deem appropriate. If you are represented by

legal counsel, they may contact me directly. Any other matters concerning your employment experience or status should be directed to your HR Business Partner. The HR Business Partner assigned to your team is Angenella Flemming.'

**23. June19th-July 9th,2025**: The Plaintiff was placed on medical leave due to a relapse of a documented health condition. The worsening of the plaintiff's condition was related to the ongoing workplace stress, lack of resolution, and retaliation experienced throughout the timeline of events.

**Present Day:**

As of the date of this filing, the Plaintiff continues to work professionally in an environment marked silence, feeling isolated and overwhelming mistrust. Leaders who the Plaintiff previously communicated with have withdrawn.

The Plaintiff's psychological health has been worsening significantly; the Plaintiff has been forced to take additional medical leave due to emotional distress and instability caused by the conditions specifically between March 19- to present.

The Plaintiff has been employed with the company for over eight years and has consistently taken pride in her work. It is deepened disappointing that the Plaintiff has been placed in a position to feel compelled to file this lawsuit-not out of anger but out of necessity. The Plaintiffs believe that employees should not have to suffer in silence when the system of leadership and accountability fails.

Theres is a clear leadership problem that continues to harm not only the plaintiff but others who may be too afraid to speak up. This complaint reflects the company's failure to protect its employees and the Plaintiff effort to hold them accountable.

The Plaintiff- Elisha Lynette Cotto

United States District Court

For the

Western District of North Carolina Charlotte/Division

Elisha L. Cotto -Plaintiff vs Coca-Cola Consolidated Inc/Defendants

Case (TBA)

Attachment to Section IV Relief Requested

Continuation of page 4 /5 of 5

## Relief Requested – Continuation of Section IV

### 1. Retention or Transfer
That Plaintiff be permitted to retain current employment status or, in the alternative, be transferred to a different department or position lateral or higher, where the Plaintiff is not subject to retaliation, bias, or a hostile work environment.

### 2. Severance Package (If Retention or Transfer Not Feasible)
If continued employment or transfer is not feasible, Plaintiff requests a reasonable severance package to be determined by the Court or through settlement negotiations, in addition to any other damages awarded.

### 3. Compensatory Damages – $90,000 (estimated)
For emotional distress, anxiety, and mental anguish caused by retaliation, defamation, disability discrimination, and a hostile work environment. Includes the relapse of a disability and related suffering.

### 4. Denial of professional Opportunities –$50,000
For missed promotions, reputational damage, and harm to professional advancement due to internal defamatory statements and retaliatory conduct.

### 5. Punitive Damages – $30,000
To punish and deter future unlawful conduct and to hold the employer accountable for knowingly ignoring or participating in discriminatory and retaliatory actions.

### 6. Out-of-Pocket Expenses – $10,000

For ongoing therapy until MMI, (Maximum Medical Improvement) mental health care, disability-related treatment, transportation, and other expenses related to the stress and workplace conditions caused by the employer's actions.

### 7. Injunctive Relief

That the Court orders the employer to:

- Remove any retaliatory or discriminatory disciplinary actions from Plaintiff's record
- Cease all further retaliation or harassment
- Reinstate or offer fair consideration for promotion without bias
- Implement policies ensuring reasonable accommodation and timely HR responses

### 8. Alternatively -If the plaintiff is retained or transferred to another department under new leadership, the plaintiff is willing to reduce the total requested relief to $75,000(Good Faith Offer if only employment is retained)

### 1. Compensatory Damages – $40,000

For emotional distress, anxiety, and mental anguish caused by retaliation, defamation, disability discrimination, and a hostile work environment. Includes the relapse of a disability and related suffering.

### 2. Denial of professional Opportunities – $20,000

For missed promotions, reputational damage, and harm to professional advancement due to internal defamatory statements and retaliatory conduct.

### 3. Punitive Damages – $10,000

To punish and deter future unlawful conduct and to hold the HR Dept/employer accountable for knowingly ignoring or participating in discriminatory and retaliatory actions.

### 4. Out-of-Pocket Expenses – $5,000

For therapy, mental health care, disability-related treatment, transportation, and other expenses related to the stress and workplace conditions caused by the employer's actions.

### 5. Injunctive Relief

That the Court orders the employer to:

-Lateral or higher transfer-does not include sales must align with the Plaintiff qualifications and career path.
- Remove any retaliatory or discriminatory disciplinary actions from Plaintiff's record
- Cease all further retaliation or harassment
- Reinstate or offer fair consideration for promotion without bias
- Implement policies ensuring reasonable accommodation and timely HR responses

**Closing Statement**

The plaintiff seeks justice, accountability, and a resolution that ensures a safe and fair work environment moving forward. Whether by continued employment, departmental transfer, or severance and damages, Plaintiff respectfully asks the Court for relief consistent with the evidence and harm presented.

Respectfully submitted,

Elisha L. Cotto

2217 Contemporary Drive #5201
Charlotte, NC 28216

Phone: 704-241-2301 - 803 524-0531

Email: elcotto4182@yahoo.com

United states District Court

for the

Western District of North Carolina

Charlotte Division

Case # TBA

**Exhibits in support of complaints**

**Submitted By: Elisha Lynnette Cotto**

**2217 Contemporary Drive** #5201

**Charlotte NC 28216**

**Phone : 704-241-2301** - 803-524-0531

**Email:elcotto4182@yahoo.com**